IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL STRICKLAND, #201890, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.   ) | CASE NO. 2:07-CV-979-MEF |
| ) | |
| WARDEN BOYD, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Daniel Strickland ["Strickland"], a state inmate, on October 30, 2007.[1] In this petition, Strickland challenges convictions for first degree rape (3 counts), first degree sodomy (3 counts) and first degree sexual abuse (3 counts) imposed upon him in 1998 by the Circuit Court of Elmore County, Alabama.

The respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See*

---

[1] Although the Clerk stamped the petition filed on October 31, 2007, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Strickland certified that he executed this federal habeas petition on October 30, 2007. *Petition for Habeas Corpus Relief - Court Doc. No. 1* at 7. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Strickland] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this federal habeas proceeding, the court considers October 30, 2007 as the date of filing.

28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Strickland's rape, sodomy and sexual abuse convictions became final on January 20, 2000 -- **after** the effective date of the statute of limitations -- Strickland must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition related to the convictions remained pending in the state courts. The respondents assert that Strickland failed to file a state post-conviction action which tolled the limitation period. As support for this assertion, the respondents maintain that Strickland did not file a Rule 32 petition challenging his rape, sodomy and sexual abuse convictions and argue that the motion to vacate, set aside or amend sentence filed in June of 2006 had no affect on the running of the limitation period. Specifically, the respondents assert that the motion for modification of sentence did not toll the limitation period because Strickland filed this motion after expiration of the one-year period of limitation. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); *Webster v. Moore*, 199 F.3d

---

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the respondents maintain that "Strickland's federal habeas corpus petition is untimely under the one-year statute of limitation ...." *Respondents' Answer* at 3.

Upon review of the pleadings and evidentiary materials filed in this case, it is clear that Strickland failed to file the instant § 2254 petition within the one-year period of limitation mandated by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dept. of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that

the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.* However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner preserves his right to seek this relief.

The Circuit Court of Elmore County, Alabama convicted Strickland of first degree rape (3 counts), first degree sodomy (3 counts) and first degree sexual abuse (3 counts) on October 5, 1998 and thereafter imposed sentence upon Strickland for each of these convictions. Strickland filed a direct appeal of his rape, sodomy and sexual abuse convictions and the Alabama Court of Criminal Appeals affirmed the convictions by memorandum opinion on July 9, 1999. The appellate court subsequently denied Strickland's application for rehearing. On October 22, 1999, the Alabama Supreme Court denied his petition for writ of certiorari. Strickland did not further appeal his convictions. By operation of law, the petitioner's rape, sodomy and sexual abuse convictions became final on January 20, 2000 -- ninety days after the Alabama Supreme Court's denial of certiorari -- as this is the date on which the time expired for the petitioner to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225

(11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Strickland failed to file a state post-conviction petition challenging his rape, sodomy and sexual abuse convictions. The motion to vacate, set aside or amend sentence did not toll the limitation period as Strickland filed such motion over six (6) years after the limitation period had lapsed. Consequently, the AEDPA's one-year period of limitation began to run on January 21, 2000 and ran uninterrupted until it expired on January 22, 2001 as January 21, 2001 fell on a Sunday. Rule 6(a), *Federal Rules of Civil Procedure* ("The last day of the period [of limitation] shall be included, unless it is a Saturday, a Sunday, or a legal holiday...."). Strickland filed his federal habeas petition in this court on October 30, 2007. Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over

5

6 years and 9 months prior to Strickland filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before December 18, 2007 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 28th day of November, 2007.

        /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE