IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL STRICKLAND, #210890, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07cv979-MEF |
| ) | (WO) |
| WARDEN BOYD, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Daniel Strickland ("Strickland"), a state inmate, on October 30, 2007.[1]  In this petition, Strickland challenges convictions for first degree rape, first degree sodomy and first degree sexual abuse imposed upon him in 1998 by the Circuit Court of Elmore County, Alabama.

Pursuant to the orders of this court, the respondents filed an answer (doc. # 15) in which they argue that Strickland's petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2]  Upon review of the

---

[1] Although the Clerk stamped the petition filed on October 31, 2007, the law is well settled that, under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Strickland certified that he executed this federal habeas petition on October 30, 2007. (Pet. for Habeas Corpus Relief, doc. # 1 at 7). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Strickland] signed it. . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of this habeas corpus proceeding, the court deems October 30, 2007, as the date of filing.

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). This Act became effective on April 24, 1996.

pleadings and evidentiary material filed in this case and the law of this Circuit, the court concludes that no evidentiary hearing is required and that Strickland's § 2254 petition is due to be denied because it was filed outside the one-year period of limitation mandated by applicable federal law.

28 U.S.C. § 2244(d)(1) directs that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of a challenged conviction expires. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Sec'y for Dep't of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ of habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id*.

Strickland was convicted of three counts of first degree rape, three counts of first degree sodomy and three counts of first degree sexual abuse on October 5, 1998. He was

2

sentenced on November 20, 1998. Strickland was permitted an out of time appeal on March 17, 1999.[3] He filed a direct appeal with the Alabama Court of Criminal Appeals which affirmed his convictions and sentence on July 9, 1999. Strickland's petition for writ of certiorari to the Alabama Supreme Court was denied, and the certificate of judgment affirming Strickland's convictions was issued on October 22, 1999. (Respondents' Ans., doc. # 7, Exs. B, C & D). Strickland did not further appeal his convictions.

By operation of law, Strickland's convictions became final on January 20, 2000 – ninety (90) days after the Alabama Supreme Court's denial of certiorari – as this is the date on which the time expired for Strickland to file a petition for writ of ceriorari with the United States Supreme Court. *Coates, supra*. *See also*, RULES OF THE UNITED STATES SUPREME COURT Rule 13.1 (a petition for certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court). Strickland had one year from that date – until January 22, 2001[4] – to file a federal habeas corpus petition, unless the limitation period was tolled due to a pending state post-conviction application for relief.

Strickland failed to file a state post-conviction petition challenging his rape, sodomy and sexual abuse convictions. While Strickland filed a motion to vacate, set aside or amend

---

[3] In 1999, the petitioner filed a Rule 32 petition to request permission to file an out of time appeal. (Pet's Res., doc. # 9, Ex. D).

[4] Because January 21, 2001 fell on a Sunday, Strickland had until Monday, January 22, 2001 to file his federal petition. *See* FED. R. CIV. P. 6(a) ("The last day of the period [of limitation] shall be included, unless it is a Saturday, a Sunday, or a legal holiday. . . .").

sentence on June 14, 2006, the state court proceeding had no impact on the running of the federal limitation period in this case because the motion was filed over five (5) years *after* the expiration of the limitation period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). *See also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitation period has expired. In order words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Consequently, the time allowed Strickland for the filing of his § 2254 petition began to run on January 21, 2000 and ran uninterrupted until it expired on January 22, 2001. Strickland filed his federal habeas corpus petition in this court on October 30, 2007. Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) clearly expired well before Strickland filed the instant § 2254 petition.[5]

---

[5] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000). However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling"

On November 28, 2007, the court ordered Strickland to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period. In response to the court's order, Strickland argues that he tried to file his direct appeal within the prescribed time but that FedEx failed to deliver the necessary paperwork. (Pet's Res. to Shw Cause, doc. # 9, at 1). Strickland fails to recognize or acknowledge that he was granted an out-of-time appeal and his limitation period did not begin to run until after his direct appeal was final.

Strickland also argues that he has "new evidence" and asks the court for a "chance to prove I'm not guilty." Consequently, the court construes Strickland's pleading as raising an "actual innocence" claim. However, the argument is unavailing.

> To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). To do so, he must demonstrate "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. at 867; *Arthur* [*v. Allen*], 452 F.3d [1234], []1245 [(11th Cir. 2006)]. The petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur*, 452 F.3d at 1245 (quotations and citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 282 (1998).

*Johnson v. Fla. Dep't of Corr.*, ___ F.3d ___, ___, 2008 WL 152181, *5 (11th Cir. Jan. 17, 2008).

Strickland has failed to make the requisite showing. He points to no fact in the record, nor has he submitted any 'new' evidence to support of his claim of innocence. His statement

---

of the limitation period.

that he has new evidence is simply insufficient to support a claim of innocence.

At Strickland's trial, the evidence showed that, on several occasions, Strickland engaged in sexual relations with 10-year old S.G.T. On one occasion, Strickland took S.G.T. to a restaurant where he worked, removed S.G.T's clothing and touched her sexually. Despite S.G.T.'s crying, kicking and requests for him to stop, Strickland penetrated her vagina with his penis. (Respondents' Ans., doc. 7, Ex. B at 2). S.G.T. described two other similar episodes. In addition, a pediatrician who had examined S.G.T. testified that, in her opinion, S.G.T. had been the victim of sexual abuse. *Id*. The evidence presented at trial provided a sufficient basis for a reasonable juror to conclude that Strickland raped, sodomized and sexually abused S.G.T. Consequently, his 'actual innocence' argument fails on this basis too.

Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on January 22, 2001, well over six years before Strickland filed his federal habeas petition. Because Strickland did not file in this court until October 30, 2007, his petition is time-barred and this court may not address the merits. The court further concludes that the petitioner has failed to show sufficient cause to excuse his failure to file within the statutory period.

## CONCLUSION

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). It is further the RECOMMENDATION of the

Magistrate Judge that the costs of this proceeding be taxed against the petitioner. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 26, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of February, 2008.

        /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE