IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL STRICKLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:07-cv-979-MEF |
| | ) |
| WARDEN BOYD, *et al.*, | ) (WO- Do Not Publish) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On February 13, 2008, the United States Magistrate Judge entered a recommendation (Doc. # 13) that Petitioner Daniel Strickland's petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d). The case is now before the Court on the Magistrate Judge's Recommendation (Doc. # 13) and Petitioner's Motion to File Appeal (Doc. # 16) which this Court construes as objections to the Recommendation of the Magistrate Judge. This Court has carefully considered the applicable legal authorities and the arguments and evidence before it.

In his objections, Petitioner argues that his untimely petition should be permitted because he is actually innocent. In support of that contention, he submits a copy of a police interview with the victim, as well as, some medical records that he claims demonstrates that the victim was not molested. To successfully plead actual innocence, a petitioner must show that his conviction resulted from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To do so, he must demonstrate "that it is more likely than not that no reasonable

juror would have found petitioner guilty beyond a reasonable doubt." *Id*. A petitioner must raise "sufficient doubt about [his] guilt to undermine confidence in the result of the trial." *Arthur v. Allen*, 452 F.3d 1234,1245 (11th Cir. 2006) (quotations and citation omitted). "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324 "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner argues that the physician's statement that the victim's hymen was intact casts doubt on her testimony that he penetrated her vagina. This evidence obviously existed at the time of Petitioner's trial and, therefore, it does not constitute "new facts." Moreover, Petitioner conveniently ignores the physician's finding that there was evidence of vaginal penetration. Petitioner has not cast sufficient doubt on his guilt to undermine confidence in the result of the trial or to satisfy the applicable legal requirements.

After an independent review of the file, it is the ORDER, JUDGMENT, and DECREE of the Court:

(1)   That the objections filed by Petitioner on March 7, 2008 (Doc. # 16), are OVERRULED;

(2)   That the Recommendation of the Magistrate Judge (Doc. # 13) is GRANTED.

(3)   That the Petition for Habeas Corpus relief is DENIED.

(4)   That this case be dismissed WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d)

(5)   The Court will enter a separate final judgment consistent with this Order.

DONE this the 13th day of March, 2008.

                                        /s/ Mark E. Fuller
                            CHIEF UNITED STATES DISTRICT JUDGE